**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:                                    Chapter 13

                                          **Case No.: 16-20207-TNW**

**JIMMY L. KISKADEN**
**TINA M. KISKADEN**


_____ Debtors. _____ /

**JIMMY L. KISKADEN,**

         **Plaintiff,**

vs.
                                          Adv. Case No. _____

**LVNV FUNDING, LLC**
**Serve Registered Agent:**
**Corporation Service Company**
**1703 Laurel St.**
**Columbia SC 29223**
_____ /

**CLASS ACTION COMPLAINT**

         Plaintiff Jimmy L. Kiskaden ("Plaintiff") brings this action both individually and

on behalf of a class of persons defined below against Defendant LVNV Funding, LLC,

("LVNV") and for his complaint states as follows:

                **I.    JURISDICTION AND VENUE**

         1.    Jurisdiction in this action arises under 28 U.S.C. §§ 151, 157(b), 1331, 1332

and 1334, and 11 U.S.C. §§ 105, 502 and Federal Rules of Bankruptcy Procedure 7023

and 3007.  Plaintiff's claims for declaratory relief and relief pursuant to Federal Rule of

Bankruptcy Procedure are core matters.  Plaintiff's remaining claims are related to a

case arising under the provisions of Title 11 and constitute non-core claims.  Plaintiff

consents to entry of final judgment on all claims presented in this matter by the Bankruptcy Court.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409 and because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district. Debtors filed for bankruptcy protection in this District, payments were demanded in this District, and Defendant transacts business in this District.

3.    Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4.    Plaintiff's request for class relief is authorized by Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023.

5.    Plaintiff is a natural person, who resides in the Commonwealth of Kentucky, County of Bracken, and who filed a petition for relief under the provision of Chapter 13 of Title 11 of the United States Code on February 25, 2016.

6.    Defendant, LVNV Funding, LLC, is a limited liability company organized under the law of the state of Delaware that does business in the Commonwealth of Kentucky.  LVNV has further subjected itself to the jurisdiction of this Court by the filing of a proof of claim in action assigned Case No.: 16-20207.  The claim is noted as claim #9-1 in the claims register maintained in that action.

7.    The actions complained of hereinafter occurred in the Commonwealth of Kentucky.

## II.    **PARTIES**

8.    Plaintiff is a resident of Bracken County, Kentucky.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.     Defendant, LVNV Funding, LLC is a limited liability company organized under the law of the state of Delaware that does business in the Commonwealth of Kentucky.  It maintains its principal place of business in Greenville, South Carolina. LVNV purchased loans from CashCall which is a for-profit California corporation with a principal place of business at 1600 South Douglass Road, Anaheim, California 92806. These loans contained interest rates and charges which are illegal under Kentucky law. CashCall was engaged in the business of offering, making, purchasing, servicing, and collecting on consumer loans.  CashCall does not hold any other license issued by the Kentucky Department of Financial Institutions and does not hold a license to make consumer loans in Kentucky.  LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III.   FACTS

10.    This is an action for damages and injunctive relief against Defendant LVNV Funding, LLC arising from collecting on fraudulent and illegal consumer loans made to Kentucky borrowers that were purchased by LVNV.

11.    At sometime prior to June 25th, 2007, CashCall (an organization which does business in California) entered into an unfair and deceptive scheme with First Bank of Delaware (a bank chartered under the laws of the state of Delaware) and First Bank & Trust (a bank chartered under the laws of the state of South Dakota).  First Bank of Delaware and First Bank & Trust are collectively referred to in this Complaint as "State Chartered Banks."  CashCall and State Chartered Banks agreed to market, make, fund, purchase, service, and collect on illegal loans to borrowers -- including Kentucky consumers like Plaintiff – which accrue interest at rates far in excess of those allowed under Kentucky law.  This scheme has been the subject of review and recrimination by

both state and federal regulators and has further been the subject of a successful enforcement action by the Attorney General of West Virginia that sought and obtained damages for the residents of the State of West Virginia who were damaged by the illegal scheme.  In this scheme, Cashcall and the State Chartered Banks sought to evade the Commonwealth of Kentucky's licensure and laws by using the State Chartered Banks as a front for loans which would in fact be funded and marketed by CashCall.  State Chartered Banks would write the loans which would be immediately purchased by CashCall.  CashCall then would take the position that because it was an assignee of a state chartered bank, it was entitled to assert that the loans were exempt from the usury and licensing laws of any state, other than those of the jurisdiction where the State Chartered Banks did business, pursuant to Section 27 of the Federal Deposit Insurance Act codified at 12 USC 1831(d)(a).   Courts and regulators have found that because the State Chartered Banks were acting as a proxy in writing the loans for CashCall, that CashCall was the real party and interest and was not entitled to assert the provisions Section 27 of the Federal Deposit Insurance Act.  12 USC 1831(d)(a).  The loans which were the result of the illegal scheme are referred to in this Complaint as the "FBD Loans".

12.    The State Chartered Banks were nothing more than a pass-through for loans advertised, underwritten, funded, serviced, and collected by CashCall.

13.    CashCall was the real or "*de facto*" lender in these loan transactions, and it controlled virtually all aspects of the transactions.  Pursuant to its arrangement with First Bank of Delaware, among other activities, CashCall, itself or through subsidiaries, creates and distributes advertising materials for the loans; reviews all loan applications for underwriting requirements; funds the loans; assumes all risk of loss on the loans;

receives all payments on the loans; services the loans; and indemnified the State Chartered Bank for all costs and any liability associated with the loans.

14.     Based on these facts, regulators and courts have concluded that the State Chartered Banks were nothing more than a front to enable CashCall to evade licensure by state agencies and to exploit Section 27 of the Federal Deposit Insurance Act.

15.     Because of the torrent of lawsuits which this scheme brought about, CashCall subsequently sold a portion of its illegal loan portfolio containing FBD loans to LVNV in 2011, without recourse.  LVNV has since been attempting to collect upon the illegal loans which it purchased without regard to the unenforceability of the loan under Kentucky law.

16.     Plaintiff brings this claim on his own behalf, and on behalf of a Class of all persons who obtained a "FBD Loan" in Kentucky, who subsequently filed a petition for relief under the provisions of Title 11 in the Eastern District of Kentucky, and in which Defendant LVNV later filed proofs of claim in that bankruptcy proceeding.  Plaintiff seeks to recover all amounts paid to LVNV and for damages, attorneys' fees, and such other relief as allowed by law. Plaintiff also seeks declaratory and injunctive relief including a declaration that the loans are void and, supplementary to that injunction, for a refund of the amounts collected on the FBD Loan.

17.     Defendant also purports to commit consumers to an arbitration provision contained within the Loan Agreement.  The arbitration provision itself is fraudulent and unconscionable in that it purports to set up a fair dispute resolution process.  In fact, the arbitration provision requires arbitration by two organizations which have a record of unfairly and illegally favoring corporations such as LVNV and CashCall.  The organizations required to conduct the arbitration in the agreement no longer perform

consumer arbitrations and are thus unavailable to arbitrate the dispute between the parties.  Furthermore, the public policy behind the Bankruptcy Code is such that this Court is authorized to not enforce the arbitration agreement.

18.    That the agreement between CashCall and Plaintiff required that Plaintiff agree to ACH withdraws from his bank account of the monthly payment on the loan. The loan was conditioned upon Plaintiff agreeing to this requirement.  This requirement was in violation of the Electronic Funds Transfer Act and constitutes an unfair and deceptive trade practice.

**A.    Plaintiff's dealings with Defendant**

19.    On June 25th 2007 Plaintiff electronically signed a First Bank of Delaware Note and Disclosure Statement purporting to be made between him and First Bank of Delaware.

20.    The Agreement purported to loan Plaintiff $2,525.00 at 99.11% per annum to be repaid with one payment of $258.15, 40 monthly payments of $216.55, and then one payment of $215.49.  The total amount financed was $2,525.00 plus an origination fee of $75.00.  The total payments on the loan, if made as scheduled, totaled $9,135.64.

21.    Within days after entering onto the Consumer Loan Agreement, Plaintiff was advised that the loan had been assigned to CashCall.

22.    Plaintiff made payments to CashCall on the loan through August 2007.

23.    After Plaintiff was no longer able to make payments on the loan, CashCall continued to try and draft Plaintiff's checking account, thereby causing Plaintiff to incur over-draft charges.

24.    Plaintiff filed for relief under Chapter 13 of Title 11 of the United States Code on April 29, 2009.  The case was assigned case No.: 09-20930. CashCall was

schedule as a creditor.  CashCall filed a claim on May 18, 2009.  That claim was listed as claim #5 in the claims register.  The claim was for $6,966.39 and asserted a right to distribution from the bankruptcy estate for the illegal debt.  The claim was transferred to LVNV on December 9, 2011 and a transfer of claim was filed in the proceeding on May 1, 2012.

25.     Plaintiff again filed for relief under Chapter 13 of Title 11 of the United States Code on April 18, 2014.  The case was assigned case No.: 14-20599.  LVNV filed a claim on September 3, 2014.  That claim was listed as claim #17 in the claims register.  The claim was for $6,966.39 and asserted a right to distribution from the bankruptcy estate for the illegal debt.  The claim stated fraudulently that it was for a credit card and the summary of account also fraudulently stated that the claim included no interest.

26.     Plaintiff again filed for relief under Chapter 13 of Title 11 of the United States Code on February 25, 2016.  The case was assigned case No.: 16-20207.  LVNV filed a claim on June 22, 2016.  That claim was listed as claim #9 in the claims register.  The claim was for $6,966.39 and asserted a right to distribution from the bankruptcy estate for the illegal debt.  The claim stated fraudulently that it was for a credit card and the summary of account also fraudulently stated that the claim included no interest

27.     At all times relevant hereto LVNV knew or should have known that the FBD Loan which it purchased from CashCall was void and unenforceable against the Debtor and that its proofs of claim were both false and fraudulent.

28.     At all times relevant hereto, CashCall and LVNV have actively and fraudulently misrepresented and thus concealed the illegal and actionable nature of the FBD Loan preventing Plaintiff and the class members from prosecuting claims against them.

29.     That as the successor in interest of CashCall to the FBD Loan, the liability created by the acts of CashCall complained of herein are imputed to LVNV, in addition to any liability for direct actions of taken by agents or servants of LVNV.

## IV.   CLASS CERTIFICATION

30.     Pursuant to Rules 23(a), (b)(3), (b)(2) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following persons ("the Class" or "Class Members"):

31.     All residents of the Commonwealth of Kentucky who executed a promissory note with either First Bank of Delaware or First Bank & Trust who subsequently filed a petition for relief under the provisions of title 11 in the Eastern District of Kentucky, and in which Defendant LVNV later filed proofs of claim for such loans in the bankruptcy proceedings after having purchased such loans from CashCall.

32.     Excluded from the Class are LVNV, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel.

33.     Members of the above-defined Class can be easily identified through Defendant's records.

### A.     Numerosity

34.     The proposed Class is so numerous that individual joinder of all Members is impracticable.

35.     The subject involves hundreds if not thousands of Class Members.  While the identities of Class Members are unknown to Plaintiff at this time, such information can be readily ascertained through appropriate investigation and discovery.  The

disposition of the claims of the Class Members in a single action will provide substantial

benefit to all parties and to the Court.

### B.    Predominance of Common Questions of Law and Fact

36.    Common questions of law and fact exist as to all Members of the Class and

predominate over any questions affecting only individual Class Members.    These

common legal and factual questions include, but are not limited to, the following:

(a)    Whether the loans violate the usury laws;

(b)    Whether the loans are fraudulent;

(c)    Whether the loans violate the Kentucky Consumer Protection Act;

(d)    Whether the LVNV violated the Fair Debt Collection Practices Act;

(e)    Whether LVNV engaged in unfair, deceptive, and unconscionable practices in connection with the loans;

(f)    Whether, as a result of LVNV's illegal activities, Plaintiff and Class Members have suffered damages and, if so, the appropriate amount of such damages; and,

(g)    Whether, as a result of LVNV's illegal activities, Plaintiff and Class Members are entitled to declaratory and injunctive relief, or other relief, and, if so, the nature of such relief.

37.    Pursuant to Rule 23(b)(2) as made applicable to this proceeding by

Bankruptcy Rule of Civil Procedure 7023, LVNV has acted or refused to act on grounds

generally applicable to the Class, thereby making final injunctive or corresponding

declaratory relief appropriate with respect to the Class as a whole.  In particular, LVNV

has sought to collect upon void obligations by filing fraudulent proofs of claim with the

United States Bankruptcy Court for the Eastern District of Kentucky.

### C.    Typicality

38.    Plaintiff's claims are typical of the claims of the Members of the Class.

Plaintiff shares the aforementioned facts and legal claims or questions with Class

Members, and Plaintiff and all Class Members have been similarly affected by LVNV's common course of conduct of collecting illegal loans in the Commonwealth of Kentucky.

### D.   Adequacy

39.   Plaintiff will fairly and adequately represent and protect the interests of the Class.   Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

40.   Plaintiff and his counsel are committed to the vigorous prosecution of this action.

### E.   Superiority

41.   A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

(a)   The claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

(b)   Individual joinder of all Class Members is impracticable;

(c)   Absent a Class, Plaintiff and Class Members will continue to suffer harm as a result of Defendant's unlawful conduct;

(d)   Given the amount of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(e)   Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

(f)   Adjudications of individual Class Members' claims against Defendant would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other Class Members to protect their interests; and,

(g)    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused by Defendant.

42.    LVNV knowingly purchased and participated in collecting usurious loans which resulted in uniform damage to Plaintiff and Class Members.  As a result, Defendant has acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43.    Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant.  Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

## V.    CLAIMS

### A.    COUNT 1 – Violation of the Consumer Loan Act against LVNV

44.    Plaintiff incorporates, as if fully rewritten herein, the allegations of each of the preceding paragraphs.

45.    The loans made to Plaintiff and Class Members are not secured by a lien on real property.

46.    Neither LVNV nor CashCall, the entity from which LVNV purchased the FBD Loan, are registered as a bank, credit union, finance company, or pawnbroker in the Commonwealth.

47.     Pursuant to KRS 286.4-420 no person shall, without first obtaining a license from the Commissioner, engage in the business of making loans in the amount or of the value of fifteen thousand dollars or less at a greater rate of interest, or consideration therefore than otherwise permitted by law.

48.     CashCall, the entity which wrote the FBD Loan, failed to obtain a license from the Commissioner.

49.     The maximum interest rate which may be charged by non-license holders is 8%.  KRS 360.010.  All FBD Loans purchased by LVNV exceed 8%.

50.     KRS 286.4-991(1) makes any loan issued by an unlicensed lender which charges in excess of these rates void.  LVNV has no right to collect any principal, charges or recompense whatsoever for the FBD Loans.

51.     The loans made to Plaintiff and Class Members are void and unenforceable.

**B.     COUNT 2 – Violation of the Kentucky Consumer Protection Act ("KCPA") against LVNV**

52.     Plaintiff incorporates, as if fully rewritten herein, the allegations of each of the preceding paragraphs.

53.     Pursuant to Section 367.220(1) of the KCPA, Plaintiff and Class Members are authorized to bring this civil suit to recover the actual damages sustained by them as a result of the unlawful acts of LVNV constituting violations of the KCPA.

54.     Plaintiff's and Class Members' participation LVNV's unlawful loan scheme was for their own personal, family or household purposes within the meaning of the KCPA - namely, providing for the economic security of their families.

55.    LVNV's unlawful loan scheme constitutes unfair, unconscionable, false, misleading and deceptive acts or practices in the conduct of trade or commerce in that, without limitation:

(a)    The FBD Loans which LVNV purchased and attempted to collect knowingly charge illegal interest rates on loans.

(b)    LVNV purchased and attempted to collect on loans when LVNV knew CashCall was required to register as a consumer loan company in order to lawfully write such loans.

(c)    That the FBD Loans which LVNV purchased from CashCall were the result of an unfair and deceptive collusion between CashCall and the State Charted Banks, and were further unfair and deceptive in that the granting of the loans was conditioned upon borrowers -- and Plaintiff in particular -- agreeing to electronic withdraw of the loan payments from their bank accounts in violation of the Electronic Funds Transfer Act.

56.    As a direct and proximate result of LVNV's and its predecessor in interest's violation of the KCPA, Plaintiff and Class members have suffered losses and damages in amounts in excess of the jurisdictional limits of this Court as may be determined by the trier of fact.

**C.    COUNT 3 – Fraud against LVNV**

57.    Plaintiff incorporates, as if fully rewritten herein, the allegations of each of the preceding paragraphs.

58.    CashCall made false representations concerning the loans and LVNV later ratified those representations, including;

59.    That the State Chartered Banks were making the loans when, in fact, the loans were advertised, administered, and funded by CashCall.

60.    That the loans were lawful and valid.

61.    That CashCall had the legal right to collect payments on the loans.

62.     That CashCall could legally charge interest rates which exceed those allowed in the Commonwealth of Kentucky to Kentucky residents and otherwise fail to abide by the laws of the Commonwealth of Kentucky.

63.     LVNV made false representations concerning the loans, including;

64.     That the loans were legally enforceable and that LVNV was entitled to participate in any distribution from Plaintiff's and Class Members' bankruptcy estate.

65.     Plaintiff reasonably relied to his detriment on the misrepresentations because if CashCall and had truthfully disclosed or caused to be disclosed that the loans were harmful and illegal, Plaintiff and Class Members never would have entered into a Consumer Loan Agreement.  As a result of CashCall's fraud which is imputed to LVNV, Plaintiff and Class Members have been harmed.

66.     As a direct and proximate result of LVNV's fraud, Plaintiff has been injured, and the Plaintiff is entitled to an award of monetary damages and declaratory and injunctive relief.

**D.     COUNT 4 – Violation of the Fair Debt Collection Practices Act ("FDCPA") against LVNV**

67.     Plaintiff incorporates, as if fully rewritten herein, the allegations of each of the preceding paragraphs.

68.     Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).  To effectuate this purpose, the FDCPA regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct.

69.     Among other prohibitions, it is unlawful for debt collectors to make false or deceptive statements in the course of their collection activities.

70.     Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the "least sophisticated consumer."

71.     LVNV violated the FDCPA by, including but not limited to:

(a)     Attempting to collect a void loan in violation of 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

(b)     Falsely representing the amount and nature of the FBD Loans in the proofs of claim which it filed in each class member's bankruptcy proceeding in that it stated that the claim was based upon a credit card and that the claim included no interest, and further that it had a right to participate in any distribution from the bankruptcy estate.

72.     As a result of LVNV's violation of the FDCPA, Plaintiff and Class Members are entitled to recover damages, statutory damages, and costs of the action including reasonable attorney fees.

**E.     COUNT 5 – Injunctive Relief Against Defendant**

73.     Plaintiff incorporates, as if fully rewritten herein, the allegations of each of the preceding paragraphs.

74.     Class Members and Kentucky consumers generally remain unaware that the FBD Loan scheme is illegal.

75.     LVNV is engaged in business activities, continuing in nature, instrumental to the carrying out of the ongoing criminal enterprises directed at Class Members and Kentucky consumers generally.

76.     LVNV is in possession of and has control over funds belonging to Class Members, obtained pursuant to void and illegal consumer loans.

77.     LVNV, on a continuing basis, is engaged in transferring Class Members' funds outside the state of Kentucky and into accounts in other states for purposes of obtaining payment on illegal loan transactions. Class Members are generally unaware

that payments from their trustee's of funds committed by them to such trustee's are illegal, that the interest rate is illegal and that the loans are not owed.

78.    Class Members and the general public will suffer continuing, immediate, and irreparable injury, absent the issuance of injunctive and equitable relief by this Court.

79.    Class Members have no complete, speedy, and adequate remedy at law with respect to Defendant's continuing conduct.

80.    Preliminary and final injunctive relief is necessary to prevent further injury to Class Members and to the general Kentucky public, including:

81.    An order enjoining LVNV from continuing to collect on the illegal FBD loans.

82.    An order enjoining LVNV from receiving payments from any Bankruptcy Trustee serving in the Eastern District of Kentucky for an FBD loan.

83.    An order that LVNV hold in trust, until further direction of this Court, all proceeds accepted or transferred from Class Members or by others for the benefit of Class Members, for FBD accounts.

84.    An order directing that LVNV timely provide a complete accounting of:  i) the identities of each Class Member; ii) the funds accepted or transferred from the accounts of each Class Member; and iii) the identities of each person or entity to whom distributions of the funds of Plaintiff and Class Members have been made and the amounts of such distributions.

85.    A final order directing the disbursal of funds held in trust pursuant to order of this Court.

86.     An order enjoining Defendant from engaging in further business activities violating the Consumer Loan Act or CPA.

### F.     Count 6 -  Request for Declaratory Relief

87.     As outlined in the preceding counts and the preceding factual allegations, the Defendant has filed proofs of claim on illegal FBD loans.  Plaintiff seeks a declaration that LVNV has acted unlawfully and fraudulently in filing materially false proofs of claim, and that it therefore holds in trust for each of the trustee's appointed in the various Class Members bankruptcy proceedings any proceeds which it has received from said trustees and is further liable to said trustees for prejudgment interest on the liquidated sums held in trust for such trustees.

88.     Plaintiff and the plaintiff class further seek a declaration that LVNV's conduct constitutes an abuse of process, and that such conduct knowingly violated and violates Federal and Local Rules of Bankruptcy Procedure and therefore constitutes offenses against the dignity and authority of the Bankruptcy Court of the Eastern District of Kentucky.

### VI.     DEMAND FOR RELIEF

Plaintiff therefore requests on behalf of himself and the proposed Class, the following relief:

(i)     An order certifying Class Members' claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(ii)     An order appointing named Plaintiff as representatives of the Class and appointing undersigned counsel as Class counsel;

(iii)    An order and decree issuing the preliminary and final injunctive relief demanded in this Complaint;

(iv)    An award of damages, jointly and severally, as against LVNV, in an amount to be proven at the time of trial;

(v)    An award of exemplary damages in the amount of three times the damages or loss suffered by each Class Member;

(vi)    An award of prejudgment interest on liquidated damages;

(vii)    An award of attorney fees, including those provided for in Chapter 367;

(viii)    An award of litigation costs; and

(ix)    Such other declaratory or injunctive relief as the Court may deem fair and equitable.

DATED this 13th day of October, 2016.


By:/s/ Matthew T. Sanning
Matthew T. Sanning
224 Main Street
Augusta, Kentucky  41002
mattsanning@windstream.net Email


/s/Robert R. Sparks
Robert R. Sparks (Ky. Bar #83685)
STRAUSS TROY CO., LPA
East Fourth Street
Cincinnati, Ohio 45202
(513) 621-2120 Telephone
(513) 241-8259 Facsimile
rrsparks@strausstroy.com Email

Attorneys for Plaintiff


4592123_1.DOC